UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JACQUELINE TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO._____ |
| | ) | |
| UNITED EDUCATION INSTITUTE | ) | |
| ("UEI") | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff JACQUELINE TAYLOR ("Plaintiff" or "Ms. Taylor") submits the following Complaint for damages under the Americans with Disabilities Act of 1990 ("ADA") as amended, and under the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* (the "FMLA") against Defendant United Education Institute ("UEI").

## JURISDICTION AND VENUE

1. This action is for ADA discrimination and retaliation as well as FMLA interference and retaliation. Plaintiff seeks declaratory and injunctive relief, back pay, front pay, compensatory damages, punitive damages, liquidated damages and attorney's fees and costs.

1.

2. This Court has jurisdiction over the present matter pursuant to 28 U.S.C. § 1331.

3. Venue is appropriate in this Court as upon information and belief the events complained of herein occurred within the geographic boundaries of the U.S. District Court for the Northern District of Georgia and upon information and belief all parties to this action reside within the geographic boundaries of the United States District Court for the Northern District of Georgia. Venue is proper pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

4. Plaintiff is a former employee of UEI.

5. UEI is a domestic for-profit corporation registered to conduct business in the state of Georgia.

6. Defendant Employer may be served through its registered agent:

| | |
|---|---|
| Registered Agent Name: | **Corporation Service Company** |
| Physical Address: | **2 SUN COURT, SUITE 400, PEACHTREE CORNERS, GA, 30092, USA** |
| County: | **Gwinnett** |

if service of process is not waived.

7. This Court has personal jurisdiction over Defendant.

## JURISDICTION AND VENUE

8.     Ms. Taylor's ADA and FMLA claims present federal questions over which this Court has jurisdiction under 28 U.S.C. §§ 1331 *et seq.* and this Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367.

9.     This Court is an appropriate venue for all of Ms. Taylor's claims under 28 U.S.C. § 1391(b) and (c) because all the parties reside within the Northern District of Georgia, and many events giving rise to Ms. Taylor's claims occurred in this judicial district.

## ADMINISTRATIVE PROCEEDINGS

10.    On August 19, 2020, Ms. Taylor timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Century.  Attached hereto and incorporated herein is **Exhibit A**.

11.    On September 9, 2022, the EEOC issued Ms. Taylor her notice of right to sue.  Attached hereto and incorporated herein is **Exhibit B**.

12.    Plaintiff has exhausted her administrative remedies prerequisite to the filing this suit pursuant to the ADA.

13.    Suit has been filed within 90 days of Plaintiff's receipt of her notice of right to sue.

## **STATEMENT OF FACTS**

14. UEI is part of a national network of private for profit colleges offering career training in a variety of trades, business and medical fields.

15. UEI operates multiple campuses in several states including Georgia.

16. During all time relevant to this lawsuit, the Defendant employed more than fifteen (15) employees for each working day during each of twenty (20) or more calendar weeks in each calendar year relevant hereto.

17. Defendant is an entity covered by the ADA.

18. Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq*. in that she had been employed with Defendant for more than 12 months and worked more than 1250 hours in the 12 months preceding her serious health condition.

19. UEI is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq*. and the ADA, 42 U.S.C. § 12101 *et seq*., as amended.

20. UEI had more than 50 employees within a 75-mile radius of the location in which Taylor was employed in each of 20 or more consecutive calendar weeks in the current or preceding year within the meaning of 29 U.S.C. § 2601 *et seq*.

21. UEI is an entity covered by the FMLA.

22. Plaintiff began working for UEI in 2010.

23. Plaintiff started with UEI through an externship program.

24. Plaintiff was promoted to a Senior Career Services Specialist.

25. In August of 2017, Ms. Taylor was promoted again to Associated Director of Career Services.

26. In February 2018, Ms. Taylor was promoted again to Director of Career Services for UEI's Morrow GA location.

27. In or around early 2020, Plaintiff found out that she had heart issues.

28. In or around February 2020, Plaintiff promptly notified Defendant via her supervisor that she had a heart condition, and she requested a disability accommodation.

29. On or around April 6, 2020, shortly after Plaintiff's accommodation request, Plaintiff was furloughed.

30. Plaintiff was the only UEI Director of Career Service furloughed.

31. On or around May 11th or 12th, 2020 Plaintiff's furlough was ended, and she returned to work.

32. However, upon return many of Plaintiff's job responsibilities and supervisory responsibilities were no longer hers.

33. For example, Ms. Keyanna Mitchell moved into Plaintiff's office, and she managed the staff.

34. For example, Plaintiff was no longer offered the opportunity to manage her staff or do daily stand-up meetings with her staff.

35. Further, Plaintiff's job responsibilities changed such that they interfered with her disability accommodations.

36. Plaintiff repeatedly complained to Defendant that they were not accommodating her and that they were discriminating and retaliating against her in violation of the ADA.

37. On or about June 27, 2020, Plaintiff felt that she was forced to request FMLA leave because of Defendant's failure to accommodate, Defendant's harassment, and Defendant's retaliation.

38. At the time of her FMLA leave, Plaintiff was qualified to use FMLA leave.

39. At the time of her FMLA leave, Defendant was an entity covered by the FMLA.

40. Plaintiff's FMLA leave was approved by Defendant.

41. However, since being placed on FMLA leave, Plaintiff has been not allowed to return to her job.

42. Defendant effectively terminated Plaintiff due to her complaints of discrimination and use of FMLA leave.

43. Plaintiff was discharged in violation of the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008 ("ADA") and in violation for the FMLA.

## COUNT I

## VIOLATION OF ADA

44. Plaintiff incorporates by refence each and every preceding paragraph of this Complaint.

45. Plaintiff has a disability as defined by the ADA.

46. As detailed above, Plaintiff notified Defendant of her disability and her need for an accommodation.

47. Defendant refused Plaintiff's accommodation suggestions and refused to engage in the deliberative process to come up with a reasonable accommodation.

48. Defendant's actions violated the ADA.

49. As a direct and proximate result of Defendant's intentional discrimination, Plaintiff has suffered damages, including but not limited to loss pay, job benefits, emotional distress, and all other damages allowed by law.

## COUNT II

## RETALIATION

50. Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

51. Plaintiff engaged in protected activity under the ADA and the FMLA.

52. In response, Defendant retaliated against Plaintiff. Specifically, Plaintiff was retaliated against when she was furloughed, effectively demoted, stripped of responsibilities, moved to a smaller office, further harassed by Defendant, assigned tasks that did not work with Plaintiff's need for accommodation, forced to use FMLA, and effectively terminated.

53. Defendant's actions constitute unlawful retaliation in violation of the ADA and the FMLA, as amended.

54. Defendant willfully and wantonly disregarded Plaintiff's rights and Defendant's retaliation against Plaintiff was undertaken intentionally and in bad faith.

55. As a result of Defendant's unlawful actions, Plaintiff has suffered lost compensation and other benefits of employment, significantly diminished employment opportunities, emotional distress consisting of, but not limited to, outrage, shock, and humiliation, inconvenience, loss of income, and other indignities.

56. Defendant's actions in retaliating against Plaintiff for exercising her rights under the FMLA were committed with reckless disregard for Plaintiff's right to be free from discriminatory treatment because of the exercise of her rights under the FMLA, specifically 29 U.S.C. § 2615(a)(1)(2).

57. The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her solely because of her exercise of her rights under the FMLA.

58. As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B).

59. Plaintiff is further entitled to liquidated damages for Defendant's willful violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

## COUNT III
## FMLA INTERFERENCE

60. Plaintiff incorporates by reference the preceding Paragraphs as if fully restated herein.

61. Plaintiff would have been an eligible employee with a serious health condition during the course of her requested FMLA leave as that term is defined by the FMLA and the accompanying regulations.

62. At all times relevant to this action, Defendant had more than 50 employees in twenty (20) or more workweeks in 2019-2020, and was engaged in commerce or were part of an industry affecting commerce, making it an "eligible employer" as defined by the FMLA, 29 U.S.C. § 2611(40(A).

63. Plaintiff had a serious health condition as defined by the FMLA.

64. Plaintiff had not exhausted her FMLA leave limit in 2020.

65. Plaintiff timely notified Defendant of her serious medical condition.

66. Defendant knew that Plaintiff would be qualified for leave under the FMLA during her leave, and that Plaintiff needed leave under the FMLA;

67. As a result of Plaintiff's requests for FMLA covered leave, Defendant unlawfully failed to allow Plaintiff to return from FMLA leave and ultimately terminated Plaintiff's employment, thus interfering with Plaintiff's right to FMLA.

68. Defendant's actions in interfering with Taylor's exercise of her rights under the FMLA were committed with reckless disregard for Taylor's right to be free from discriminatory treatment because of the exercise of her rights under the FMLA, specifically 29 U.S.C. § 2615(a)(1)(2).

69. The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her solely because of her exercise of her rights under the FMLA.

70. As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B).

71. Plaintiff is further entitled to liquidated damages for Defendant's willful violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

WHEREFORE, Plaintiff demands a trial by jury and for the following relief:

(a)     a declaratory judgment that Defendants have engaged in unlawful employment practices in violation of the ADA and the FMLA, as amended;

(b)     an injunction prohibiting Defendants from engaging in unlawful employment practices in violation of the ADA and/or the FMLA;

(c)     full back pay from the date of Plaintiff's termination, taking into account all raises to which Plaintiff would have been entitled but for her unlawful termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

(d)     front pay to compensate Plaintiff for lost future wages, benefits, and pension;

(e)     liquidated damages and compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

(f)     punitive damages in an amount to be determined by the enlightened conscious of the jury to be sufficient to punish Defendants for its conduct toward Plaintiff and deter it from similar conduct in the future;

(g)     reasonable attorney's fees and costs; and

(h)     nominal damages and any other and further relief as the Court deems just and proper.

Respectfully submitted this 6th day of December 2022.

/s/ *J. Stephen Mixon*
J. Stephen Mixon
Georgia Bar No. 514050
steve@mixon-law.com
Attorneys for Plaintiff

THE MIXON LAW FIRM
3344 Peachtree Rd. NE
Atlanta, GA 30326
Telephone: (770) 955-0100
Facsimile: (678) 999-5039